# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CRAIG TAPKE,

      Petitioner,       :       Case No. 1:09-cv-077

                                      District Judge Michael R. Barrett
    -vs-                          Magistrate Judge Michael R. Merz

                                :

Warden, Lebanon Correctional Institution,

      Respondent.

## DECISION AND ORDER

        This case is before the Court on Petitioner's Motion for Discovery (Doc. No. 24), Respondent's Response in Opposition (Doc. No. 25), and Petitioner's Reply (Doc. No. 26).

        In denying Petitioner's requests for discovery and an evidentiary hearing which were made in the body of his Traverse, the Magistrate Judge noted the standards for discovery in a habeas case (Order, Doc. No. 23). A habeas petitioner is not entitled to discovery as a matter of course, but only upon a fact-specific showing of good cause and in the Court's exercise of discretion. Rule 6(a), Rules Governing §2254 Cases; *Bracy v. Gramley*, 520 U.S. 899 (1997); *Harris v. Nelson,* 394 U.S. 286 (1969); *Byrd v. Collins*, 209 F.3d 486, 515-16 (6th Cir. 2000). In conducting the analysis that led to granting discovery in *Bracy v. Gramley, supra*, the Supreme Court provided at least part of the template which lower courts should follow in deciding discovery motions in habeas corpus cases. First of all, it identified the claims to which the sought discovery in that case related and specifically determined whether they were claims upon which habeas corpus relief could be granted at all. Other parts of habeas corpus procedural jurisprudence, although not relevant to the particular decisions in *Harris* and *Bracy*, also should inform the a district court's exercise of its discretion in granting

discovery under Habeas Rule 6. The purpose of discovery in any case is ultimately to gather evidence which will be put before the court in deciding the case on the merits. In order to obtain an evidentiary hearing in federal court on a claim on which he has not fully developed the factual basis in state court, a habeas corpus petitioner must show cause and prejudice under *Wainwright v. Sykes*, 433 U.S. 72 (1977). *Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992). Logically, there is no good reason to gather evidence which one will not be permitted to present because one cannot satisfy the *Keeney* standard. Therefore, if there are items of evidence sought in discovery which could have been obtained and presented during the state court process but were not, a petitioner should make the required *Keeney* showing before being authorized to conduct discovery to obtain the evidence.

Petitioner seeks to conduct discovery on the following claims for relief:

> **GROUND ONE:** Petitioner was denied his Fourteenth Amendment right to due process of law and his right to a fair and impartial jury in his prosecution in state court, secured to him by the Sixth and Fourteenth Amendments to the U.S. Constitution. The trial court should have protected Petitioner, investigated the claim, and held an evidentiary hearing to ascertain whether Petitioner's jurors had slept during the trial, and whether Petitioner was prejudiced by the conduct of his jury.
>
> **Supporting Facts:** Petitioner's jurors slept throughout his trial. The trial court was notified of this fact prior to imposition of sentence by letters from spectators who had witnessed this juror misconduct. The trial court acknowledged receipt of the letters prior to sentencing, but did not notify either party of the allegations. There was no hearing into the claims, and the trial court proceeded to impose a life – plus sentence upon Petitioner.
>
> **GROUND TWO:** Petitioner was denied the protection of his privilege against self-incrimination secured to him by the Fifth and Fourteenth Amendments to the U.S. Constitution by the denial of his motion to suppress his allegedly inculpatory statement.
>
> **Supporting Facts:** Petitioner was interrogated by police officers using the "Reid Technique," an interrogation technique used by police for the last 40 or 50 years. The technique wrests false confessions or admissions from innocent suspects by instilling in

them a fear of substantial punishment, without hope of escaping that punishment, and then holding out the possibility of very lenient treatment if the suspect "cooperates" and admits to conduct which seems innocuous, but in reality admits serious felonious conduct. The will of the suspect, who has committed no crime, to resist crumbles and he admits serious felonies, thinking he is admitting only slight misconduct.

**GROUND SEVEN:** Petitioner was denied his right to the effective assistance of counsel under the Sixth and Fourteenth Amendments to the U.S. Constitution, by the failures of his trial counsel to object, move for mistrial, or otherwise bring to the attention of the trial court the many and varied violations of Petitioner's federal constitutional rights which occurred at his trial.

**Supporting Facts:** Defense counsel failed to object, move for mistrial or otherwise protect Petitioner's due process right to a fair trial, in the instances complained of herein, and otherwise as well. In addition to the deprivation of a fair trial secured by the due process clause of the Fourteenth Amendment, Petitioner suffered the loss of his right to the effective assistance of counsel, under *Strickland v. Washington*, 466 U.S. 688, 104 S.Ct. 2052.

(Petition, Doc. No. 1.)

With respect to Ground One, Petitioner wishes to depose "jurors, court spectators, and perhaps court personnel," which presumably equates to "those with knowledge of juror misconduct." (Motion, Doc. No. 24, PageID 1180). With respect to Ground Two, Petitioner wishes to depose his trial expert, Richard Ofshe[1]. With respect to Ground Seven, Petitioner wishes to depose his trial counsel (not named in the Motion).

Logically, it appears that all of the evidence being sought in discovery is not presently part of the record; if it were, there would be no need to gather it again. Ohio provides by statute a method for raising constitutional claims which depend on evidence *dehors* the record, to wit, the petition for post-conviction relief under Ohio Revised Code § 2953.21. However, in reviewing the

---

[1]The expert is alternatively referred to as "Richard" and "Robert" Ofshe in the Motion (Compare PageID 1177 and 1178.) "Richard" is correct. *See* title page of Making Monsters: False Memories, Psychotherapy, and Sexual Hysteria, by Richard Ofshe and Ethan Watters (University of California Press, 1994.)

state court record in preparation for ruling on this Motion, the Magistrate Judge finds no reference to any such proceeding in this case.  (See Appendix to Return of Writ.)  Under 28 U.S.C. § 2254(e)(2), a habeas petitioner may not obtain an evidentiary hearing to present evidence unless he can show due diligence in attempting to present such evidence to the state courts. *Michael Williams v. Taylor*, 529 U.S. 420 (2000); *Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992).

Because Petitioner apparently made no attempt to gather and present to the state courts the evidence he now wishes to gather and present to this Court, he has not shown good cause for conducting any of the sought discovery.  The Motion for Discovery is denied.

October 14, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge
