# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CRAIG TAPKE,

      Petitioner,       :       Case No. 1:09-cv-077

                                            District Judge Michael R. Barrett
  -vs-                                   Magistrate Judge Michael R. Merz

                                         :

TIM BRUNSMAN, Warden, Lebanon
 Correctional Institution,

      Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case, pending on Objections to the Magistrate Judge's Report, is before the Court on Petitioner's Notice of Supplemental Authority (Doc. No. 38). The General Order of Reference for the Dayton location of court permits a magistrate judge to reconsider decisions or reports and recommendations when objections are filed.

Petitioner reports the decision of the United States Supreme Court in *Bullcoming v. New Mexico*, 131 S. Ct. 2705 (2011). In that case the Court decided that a forensic laboratory report is testimonial for Confrontation Clause purposes when it is created specifically to serve as evidence in a criminal proceeding. Therefore it held that the analyst who prepared the report had to be provided for cross-examination. The Court treated the decision as a relatively straightforward application of its prior decision in *Melendez-Diaz v. Massachusetts*, 129 S. Ct. 2527, 174 L. Ed. 2d 314 (2009).

*Bullcoming* has no impact on the analysis offered in the Report. The social worker's report in this case is not a report of that person's analysis or diagnosis. Instead, as the court of appeals found on the basis of the record, it consisted in material part of repeating the statements the victim

1

made to the social worker about the abuse when she first went to the hospital. The court of appeals reasonably categorized the victim's statements as non-testimonial: offered to obtain treatment. Moreover, the victim testified at trial and was subject to cross-examination.

It is therefore again respectfully recommended that the Petition be dismissed with prejudice.

November 21, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).