UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CRAIG TAPKE, | : | Case No. 1:09-cv-77 |
| | : | |
| Petitioner, | : | Judge Timothy S. Black |
| | : | Magistrate Judge Michael R. Merz |
| vs. | : | |
| | : | |
| TIM BRUNSMAN, Warden, | : | |
| Lebanon Correctional Institution, | : | |
| | : | |
| Respondent. | : | |

**ORDER GRANTING PETITIONER'S APPLICATION FOR CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS (Doc. 47)**

This case is before the Court on the Application of Petitioner Craig Tapke requesting a certificate of appealability and requesting leave to appeal in forma pauperis. (Doc. 47). Petitioner's Application seeks a certificate of appealability only with regard to the issues raised in Ground Four of his Petition, in which Petitioner argued that he was denied his Sixth Amendment right to confront witnesses when the trial court admitted records from Children's Hospital and the Mayerson Center.

"[A] state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition." *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003) (citing 28 U.S.C. § 2253). "[U]ntil a COA has been issued federal courts of appeals lack jurisdiction to rule on the merits of appeals from habeas petitioners." *Id*. at 336. For a certificate of appealability to issue, a petitioner must make a "'substantial showing of the denial of a constitutional right.'" *Id*. "[P]etitioner need not demonstrate that he or she will prevail on the merits[,]" and, instead, "needs only to demonstrate that the issues he or she seeks to appeal are deserving of further proceedings or are reasonably debatable among jurists of reason." *Sheppard*

*v. Bagley*, No. 1:00-cv-493, 2013 WL 1346138, *2 (S.D. Ohio Apr. 2, 2013) (citing *Barefoot v. Estelle*, 463 U.S. 880 (1983)).  In cases where claims are denied on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court, having previously considered the merits of Petitioner's Petition, though ultimately denying relief, is satisfied that reasonable jurists would find it debatable whether or not Petitioner, in Ground Four of his Petition, states a valid underlying constitutional claim on the merits.  In addition, the Court is satisfied that the issue presented in Ground Four of Petitioner's Petition is deserving of further proceedings.  Accordingly, the Court **GRANTS** the Petitioner's Application for a Certificate of Appealability with regard to Ground Four of his Petition.

With regard to Petitioner's request for leave to appeal in forma pauperis, "a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court."  Fed. R. App. P. 24(a)(1).  Pursuant to Fed. R. App. P. 24(a)(3):

> A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless . . . the district court -- before or after the notice of appeal is filed -- certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding.

Here, Petitioner was permitted to proceed in forma pauperis in this Court.  (Doc. 11).  Further, the Court concludes that Petitioner's appeal is taken in good faith.  Accordingly, the Court **GRANTS** Petitioner's request to proceed in forma pauperis on appeal.

IT IS SO ORDERED.

Date:   April 29, 2013                         *s/ Timothy S. Black*
                                                Timothy S. Black
                                                United States District Judge